THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MORTON, *Appellant*, v. ERNEST C. WILSON et al., *Appellees*.

No. 17,852.

SYLLABUS BY THE COURT.

ATTACHMENT—*Order of Dissolution Sustained.* The evidence examined and an order dissolving an attachment on the ground that the plaintiff failed to sustain the affidavit by proof affirmed.

Appeal from Morton district court. Opinion filed December 7, 1912. Affirmed.

*Clifton B. Seybold*, county attorney. *Samuel Yaggy*, of Syracuse, *Frank Doster*, and *A. M. Harvey*, both of Topeka, for the appellant.

*Wm. Easton Hutchison*, and *C. E. Vance*, both of Garden City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: From January, 1905, to January, 1911, the defendant was clerk of the district court of Morton county. On July 3, 1911, the county brought an action to recover sums of money claimed to be due it from

the defendant, arising from the administration of his office. The county had prosecuted a number of actions under the statute relating to the foreclosure of tax liens and it was claimed that the defendant charged and withheld from the proceeds of the sales excessive, illegal and fictitious sums as fees and costs. A further claim was made, that the defendant failed to make reports required by law, and thereby incurred the penalty prescribed for such defaults. In another cause of action it was claimed that the defendant was indebted to the county on account of fees collected and retained in excess of the amount he was allowed to keep as compensation for his services. On June 29, 1911, a deed was filed for record whereby the defendant conveyed to E. M. Dean, with whom he was associated in the business of buying and selling real estate, some eighty-three quarter sections of land. At the commencement of the action an attachment was issued and levied on twenty-eight of these quarter sections. Later in the same month Dean and the defendant moved to discharge the attachment for the reason, among others, that the grounds stated in the affidavit for attachment were not true. After a hearing the court found that the plaintiff had failed to sustain the affidavit by proof and the attachment was dissolved. The plaintiff appeals from this order.

The affidavit for attachment charged that the defendant was about to remove and dispose of his property, and had assigned, removed and disposed of a part of his property, for the purpose of placing it beyond the reach of his creditors and with the intent to hinder, delay and defraud them. At the hearing much evidence was introduced bearing upon these subjects, some of which was conflicting. The plaintiff insists that certain facts presented were conclusive of fraud. The defendant meets them with explanations contained in the testimony, and with a showing that the defendant, after the transfer mentioned, was still possessed of

a large amount of accessible property, and had no credi-
tors of importance unless the county should be one.
Fraud in law as distinguished from fraud in fact was
not established.   There is ample basis for the conclusion
of fact drawn by the trial court and consequently its
ruling will not be disturbed.

The affidavit for attachment asserted that the debt
and liability of the defendant were fraudulently in-
curred.   The proof consisted of charges of fees and
costs, entered on the appearance docket and other
records of the defendant's office, which the plaintiff
claims were excessive, illegal and fictitious, and proof
that the sums so challenged were deducted from the
proceeds of sales made in the foreclosure cases referred
to.   The foreclosure cases were concluded in December,
1907.   The charges in question were entered in regular
form and were perfectly patent and public.   The de-
fendant testified that he made various quarterly settle-
ments with the county treasurer relating to the fore-
closure suits and rendered a complete statement
respecting them; that the county board and county
treasurer checked this statement with the books, that
they examined his books and checked all his accounts,
that the county treasurer had the appearance docket
for several days checking it up, and that all the de-
fendant's official transactions showed plainly and
clearly on his dockets.

The question whether or not the entries now chal-
lenged as unauthorized and unwarranted were made
with intent to defraud is one of fact.   The law will
not presume fraud in official conduct.   It rather pre-
sumes official probity.   Any fee bill is likely to contain
items which, when scrutinized, must be cut out.   In
the absence of proof to the contrary, the presumption
is that such items appear through misconception of the
law, or error, or mistake, or some other cause untainted
with corruption.   The abstract presents a few entries
on the defendant's appearance docket, which it is

claimed are illustrative. The district court had the docket itself before it and was much better able than this court to say whether or not, in the light of the other evidence, it disclosed false and exaggerated charges, too flagrant and too numerous to be compatible with honesty.

It is argued that a presumption of unjustifiableness arises from the fact that the defendant made no attempt to explain specific entries pointed out at the hearing as supporting the affidavit for attachment. Ordinarily the failure of one in the defendant's situation to justify or to excuse impugned entries would tell strongly against him. In this case, however, the record shows plainly enough why no special vindication was offered. After the attachment had been levied, the petition was amended to include the claims based upon the foreclosure proceedings, and after the hearing had proceeded for some time the affidavit for attachment was amended to include the ground now under consideration. The defendant's counsel took a position in the district court, which they still maintain, which rendered it unnecessary for them to go into the merits of the plaintiff's case at the attachment hearing. It was contended, first, that the levy rested on the original affidavit and could not be buttressed by an additional, independent ground brought forward later, and second, that the right of the plaintiff to relief in respect to fees and charges connected with the foreclosure cases, whether fraud were involved or not, was barred by the statute of limitations. The statute of limitations was especially relied on with great confidence and so the merits of the main case were given only incidental attention.

The plaintiff suggests that the attachment was dissolved because the court regarded the plea of the statute of limations as good and argues that the statute should not apply because the money sought to be recovered is in fact taxes in the hands of the defendant as a tax-collecting officer. The record, however, shows a general

finding that the grounds laid in the affidavit for attachment were not sustained, which includes a finding against the plaintiff on the facts.

The judgment of the district court is affirmed.